IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>GREGORIO GONZALEZ-HERNANDEZ,<br><br>**Defendant**. | CRIMINAL NO. 22-157 (RAM) |

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Defendant Gregorio Gonzalez-Hernandez's ("Defendant") *Motion for Revocation of Detention Order* (the "*Motion*"). (Docket No. 20). For the below-stated reasons, the Court **GRANTS** Defendant's *Motion* and releases Defendant subject to the stringent conditions specified herein.

I.  BACKGROUND

On April 12, 2022, a Grand Jury returned a four-count indictment against Defendant. (Docket No. 3). He is charged with violations of 18 U.S.C. § 2422(b) (Coercion and Enticement of a Minor); 18 U.S.C. §§ 2251(a) and (e) (Attempted Production of Child Pornography); 18 U.S.C. § 2252(a)(2) (Attempted Receipt of Child Exploitation Material); and 18 U.S.C. § 1470 (Transfer of Obscene Material to a Minor). <u>Id.</u>

On May 5, 2022, Magistrate Judge Bruce J. McGiverin held a

detention hearing. (Docket No. 18). Following the hearing, Judge McGiverin determined that the Government had proven "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," citing the (i) weight of the evidence against Defendant; (ii) lengthy period of incarceration Defendant would be subject to if convicted; and (iii) Defendant's prior criminal history. (Docket No. 19 at 2). Additionally, Judge McGiverin found that there was probable cause to believe Defendant committed one or more offenses involving a minor victim, which triggered the rebuttable presumption under 18 U.S.C. § 3142(e)(3), and that Defendant had not introduced sufficient evidence to rebut that presumption. Id. For these reasons, Judge McGiverin ordered Defendant be detained pending trial.

Defendant subsequently filed the *Motion* in this Court, seeking *de novo* review of the Magistrate Judge's order of detention. (Docket No. 20). Defendant contends the Government failed to proffer or present any evidence at the detention hearing to support the finding that Defendant poses a serious safety risk. Id. at 3. Instead, Defendant posits that his cooperation with the FBI's investigation and lack of communication since 2019 with any victim of the offenses for which he is charged weighs against the finding that he is a danger to any individuals or the community. Id. at 3-4.

The Court held a *de novo* bail hearing on July 18, 2022. (Docket No. 24). At the hearing, the Government proceeded by proffer. Defendant also proceeded primarily by proffer, and additionally called his sister, Aida Gonzalez, to testify concerning her ability to act as a third-party custodian should the *Motion* be granted. Defendant proposed a set of possible conditions of release, including a reasonable surety secured by collateral or real estate, home incarceration, electronic monitoring, restrictions on the use of communication devices, and no contact with minors, including minor family members. The Court took the matter under advisement.

After considering the evidence, the Court finds that Defendant introduced sufficient evidence to rebut the 18 U.S.C. § 3142(e)(3) presumption, and that the Government has failed to prove by clear and convincing evidence that there are no conditions or combination of conditions of release which can reasonably assure the safety of any person and the community. Therefore, Defendant shall be released pursuant to the conditions set forth below.

Nothing in this Opinion should be read as minimizing the seriousness of the allegations pending against Defendant. Likewise, nothing in this Opinion should be read as affecting Defendant's presumption of innocence. *See* 18 U.S.C. § 3142(j).

## II.  LEGAL STANDARD

**A. Standard of review for a detention or release order**

A district court reviews a Magistrate Judge's order of detention or release under a *de novo* standard and "need not defer to the magistrate judge's findings or give specific reasons for rejecting them." United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014) (citations omitted). A district court may also "take additional evidence or conduct a new evidentiary hearing" when "the defendant has placed relevant facts at issue." Id.

**B. The Bail Reform Act**

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released pending trial. *See* 18 U.S.C. § 3142(a). Section 3142(e) of the Act provides that if, after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

Section 3142(f) of the Act establishes the instances in which a detention hearing is proper. *See* 18 U.S.C. § 3142(f). Specifically, Section 3142(f)(1) requires that the judicial officer hold a detention hearing upon motion of the attorney for

the Government in cases which involve "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed" and other enumerated offenses, including any felony that involves the possession or use of a firearm or destructive device. 18 U.S.C. §§ 3142(f)(1)(A)-(E). Likewise, Section 3142(f)(2) authorizes the court to hold a detention hearing upon motion of the attorney for the Government or *sua sponte* in cases that involve "(A) a serious risk that such person will flee; **or** (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2) (emphasis added).

The standard of proof for detention on the grounds of dangerousness is **clear and convincing evidence**. Id. Clear and convincing evidence is "more than preponderance of the evidence but less than beyond a reasonable doubt." United States v. Acevedo-Ramos, 600 F. Supp. 501, 509 (D.P.R. 1984) (citations omitted). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." Id. On the other hand, the standard of proof for detention on the grounds of risk of flight is preponderance of the evidence. *See* United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

This District has held that:

> Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community.

United States v. Vargas-Reyes, 220 F. Supp. 3d 221, 225 (D.P.R. 2016) (citing 18 U.S.C. § 3142(e)(3)). A grand jury indictment alone suffices to trigger the presumption. Id. (citing, *inter alia*, United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986)).

Once triggered, the 18 U.S.C. § 3142(e)(3) presumption imposes on the defendant a burden of production. *See* id. The defendant may satisfy this burden of production by introducing at least some evidence contrary to the facts presumed. Id. For that reason, "[t]he burden is not heavy." Id. Notably, however, the burden of *persuasion* always rests with the Government in both presumption and non-presumption cases. Id.

18 U.S.C. § 3142(g) sets forth the factors judicial officers must consider in determining whether there are conditions of release that assure a defendant's appearance and the safety of the community. These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger

Criminal No. 22-157 (RAM)                                                    7

---

to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

### C. The Adam Walsh Amendments to the Bail Reform Act

The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248 ("Adam Walsh Act"), amended 18 U.S.C. § 3142(c) to:

> [I]nclude the requirement that "in any case that involves a minor victim" under federal criminal statutes proscribing kidnapping, sex trafficking, sexual abuse, sexual exploitation (including child pornography), and interstate transportation for illegal sexual activity, "any release order shall contain at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii)."

<u>United States v. Campbell</u>, 309 F. Supp. 3d 738, 741 (D.S.D. 2018) (quoting the Adam Walsh Act, Pub. L. 109-248, Sec. 216, 120 Stat. 587). Thus, the "**mandatory** Adam Walsh Conditions of release" consist of electric monitoring and requirements that the defendant:

> (iv) abide by specified restrictions on personal associations, place of abode, or travel;
>
> (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
>
> (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
>
> (vii) comply with a specified curfew; and

>    (vii) refrain from possessing a firearm, destructive device, or other dangerous weapon.

Id. at 741-742 (quoting 18 U.S.C. § 3142(c)(1)(B)).

### III. DISCUSSION

As previously noted, 18 U.S.C. § 3142(g) provides the factors this Court must consider in determining whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community. While some factors do weigh in favor of detention, the Court finds that Defendant sufficiently rebutted the applicable 18 U.S.C. § 3142(e)(3) presumption and that the Government did not persuade the Court that there "is no condition or set of conditions" that will reasonably assure the safety of any person and the community. Each factor is addressed in turn below.

**A. Defendant is not a flight risk**

As an initial matter, the Court notes that the Government did not raise concerns at the *de novo* hearing regarding Defendant's risk of flight. Additionally, the evidence presented indicates that Defendant is a lifelong Puerto Rico resident who has not traveled internationally since 2013. The Court thus finds that Defendant is not a flight risk. Therefore, the forthcoming analysis will focus exclusively on the 18 U.S.C. § 3142(g) factors as they relate to Defendant's alleged danger to individuals and the community.

**B. The nature and circumstances of the offense charged**

As noted above, Defendant is charged with despicable crimes, including coercion and enticement of a minor and attempted production of child pornography. (Docket No. 3). As courts in this District have noted, "[d]etaining adults who prey on children for sexual gratification or for the production of child pornography is a legitimate government objective, supporting pretrial detention." United States v. Gall, 2013 WL 12192313, at *2 (D.P.R. 2013) (citations omitted). Nonetheless, defendants charged with such crimes deserve an individualized determination concerning whether detention or release is appropriate. *See* United States v. Stephens, 594 F.3d 1033, 1039 (8th Cir. 2010) ("Section 216 [of the Adam Walsh Act] does not deprive child pornography defendants of a detention hearing or an individualized determination whether detention or release is appropriate."). Thus, while the Court finds that this factor weighs in favor of detention, it is by no means dispositive.

**C. The weight of the evidence against Defendant**

From the Government's proffer at the *de novo* hearing, there certainly appears to be strong evidence against Defendant. The evidence includes explicit and inappropriate Facebook messages between Defendant and a minor victim, lewd videos and pictures sent by Defendant to a minor victim, and a reported violent incident between Defendant and a minor victim in a public bathroom.

Despite the strength of the proffered evidence, the Court is not concerned with Defendant's guilt or innocence at this stage. *See* 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."). Instead, the Court must assess whether there is a set of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). While "numerous courts have recognized that the seriousness of the charge and the weight of the evidence can create a strong incentive for a defendant's flight," as noted above, the Government did not contend that Defendant is a flight risk. United States v. Rodriguez-Adorno, 606 F. Supp. 2d 232, 236 (D.P.R. 2009); *see also supra* § III.A. Thus, while the evidence against Defendant appears to be strong, this factor does not preclude a finding that a set of conditions will reasonably assure the safety of individuals and the community.

**D. Defendant's personal history and characteristics**

Defendant's personal history and characteristics weigh in favor of release. He is a lifelong resident of San Juan, Puerto Rico and has significant family ties to the area. (Docket No. 10 at 2). Defendant has a consensual partner of twenty-four years, and they have been living together since at least 2017. Id. They have two children together, and Defendant has two other adult children from a past relationship. Id. Defendant cares for his

partner, who suffers from a host of medical conditions. Id. Additionally, Defendant denies any use of controlled substances and/or excessive use of alcoholic beverages. Id. at 3. These facts all favor release.

On the other hand, Defendant has a significant criminal history. Defendant was sentenced in 1997 to three years of probation by the Superior Court of San Juan for: (i) involuntary homicide; (ii) possession of a rifle, shotgun or sawed-off shotgun; (iii) possession of an unregistered firearm; and (iv) providing false information during the investigation of a crime. Id. at 4. However, there is no indication that Defendant failed to cooperate during his three years of probation, and Defendant has no other criminal convictions. Id. Given the length of time since Defendant's prior criminal convictions, the Court finds that the criminal history does not outweigh Defendant's other characteristics which favor release.

### E. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release

Finally, the Court finds that Defendant offered sufficient evidence to rebut the presumption that no combination of conditions will reasonably assure the safety of others. *See* 18 U.S.C. § 3142(e)(3). Conversely, the Government failed to persuade the Court to the contrary. According to the parties' proffers at the *de novo* hearing, federal law enforcement agents began

investigating Defendant's alleged conduct related to this case back in 2019. Defendant immediately cooperated with that investigation, including turning over his phone. Further, despite knowing about the investigation for three years, Defendant has not attempted to threaten, entice, or otherwise contact anyone related to this case, or any other minor victim for that matter. Thus, despite the seriousness of the charges against Defendant, the Court does not find that Defendant poses a danger to anyone in the community to a degree that would perforce preclude the crafting of conditions of release.

Additionally, as discussed above, Defendant's criminal history does not warrant pretrial detention. Though his past crimes are undoubtedly serious, they occurred twenty-five years ago, and Defendant has not committed any similar crimes since. Thus, the Government's reliance on Defendant's criminal history is unpersuasive in this case.

To the extent that the Government contends Defendant poses a danger if released because of his ability to contact additional minors, the Court believes the stringent conditions set forth below will significantly curb his ability to engage in any activities similar to those underlying his criminal charges. Courts have routinely noted that "the safety of the community can be reasonably assured without being absolutely guaranteed." United States v. Tortora, 922 F.2d 880, 884 (1st Cir. 1990). Thus, in the absence

of any clear and convincing evidence to the contrary, the Court finds that the below-stated combination of conditions reasonably assures the community's safety.

### IV.  CONCLUSION

Based on the foregoing, Defendant Gregorio Gonzalez-Hernandez shall be released subject to the following conditions, which include the mandatory conditions set forth in the Adam Walsh Act:

1. $5,000 cash bail to be posted by Defendant or a close relative. Defendant shall remain in custody until this amount is posted in its entirety;

2. $25,000 bail secured by real estate or some other collateral owned by Defendant or a close relative;

3. Home incarceration with location monitoring technology as directed by the United States Probation Office. Defendant shall remain at the residence of his sister, Aida Gonzalez, at all times. He shall only be permitted to leave his sister's residence for emergencies or for reasons that are pre-approved by the United States Probation Office or this Court;

4. Defendant's release is conditioned upon qualification of his sister as a third-party custodian and of his sister's residence as well as verification by the United States Probation Office of location monitoring technology capability;

5. Defendant shall not have access to **any** device with internet access including but not limited to cellphones, computers, laptops, tablets, or Smart TVs;

6. Defendant shall not have unsupervised contact with persons under the age of 18;

7. Defendant shall avoid all contact with alleged victims of the offenses charged in the indictment and with any potential witness who may testify concerning the offense;

8. Defendant shall report on a regular basis to the United States Probation Office;

9. Defendant shall not use any controlled substances without a prescription;

10. Defendant shall not possess a firearm, destructive device, or other dangerous weapon;

11. Defendant shall not possess any form of pornographic material;

12. Defendant shall participate in medical or psychiatric treatment as recommended by the United States Probation Office;

13. Defendant shall surrender his passport to the United States Probation Office;

14. Defendant shall not violate federal, state, or local law while on release;

15. Defendant shall cooperate in the collection of DNA samples if it is authorized by 34 U.S.C. § 40702;

16. Defendant shall advise the Court or the United States Probation Office in writing before changing his residence or telephone number;

17. Defendant shall appear in court as required and, if convicted, must surrender as directed to serve a sentence that the Court may impose.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge